NATIONAL BENEFIT LIFE INSURANCE Co. *v*. BROWN.

Opinion delivered November 11, 1929.

*Lewis Rhoton* and *John A. Hibbler,* for appellant.
*Smith & Fitzsimmons,* for appellee.

BUTLER, J.    This action at law was instituted by appellee, Sarah V. T. Brown, against the appellant, National Benefit Life Insurance Company, to recover the proceeds of a policy of life insurance issued in her favor on the life of John E. Brown by the appellant.    The complaint alleged by proper averments the issuance of the policy, the payments of the premiums, the death of the insured, and the proper steps taken subsequent thereto as to the notice of death.    There was a prayer for judgment for the face value of the policy, less a loan that had been negotiated by the insured prior to his death.

The answer denied liability, alleging as an affirmative defense that said policy had been reinstated during the life of the insured upon the false and fraudulent statement that the insured was in good health, and that since the day of his examination for the policy he had no illness, ailment, or injury whatsoever, while at the time

the said Brown made the statement for reinstatement of his policy he was, and had been, suffering from a disease of the heart for more than one year, of which disease he died.

The issues of fact were presented by the pleadings as to the liability of the appellant company, and were submitted to a jury, which found in favor of the appellee, and judgment was accordingly rendered in her favor.

Counsel for the appellee contend, among other things, for affirmance of the judgment, that there was no motion for a new trial filed in apt time, and, there being no errors of law apparent on the face of the record, this court cannot review the proceedings in the trial court.

Final judgment was entered on the eighth day of April, 1929, and the court continued 'its session until April 17, 1929, when the term expired. After the expiration of the term, and on July 15 following, appellant filed its motion for a new trial, it having, during the term and immediately after the verdict of the jury, prayed an appeal to this court, and on motion was given one hundred and twenty days to file a bill of exceptions. The record does not show that appellant filed a motion for a new trial during the term, and a certificate of the judge appended to the transcript certified that no such motion was filed. The attorney for the appellant made and filed his affidavit in which the following statement is made: ''After the verdict was rendered in favor of the plaintiff in this court, I asked the presiding judge for time to file a motion for a new trial and to get up the bill of exceptions. He stated that he would give me 120 days, and I understood that he meant 120 days to file the motion for a new trial, and made no effort to file my motion until I had received the bill of exceptions from the official reporter. I am within the 120 days which I understood that I had been given by the presiding judge, W. D. Davenport. I am attaching a statement from Judge Davenport which speaks for itself.''

The certificate as referred to is as follows: ''This is to certify that on the day that the case of Sarah V. T.

Brown against the National Benefit Life Insurance Company, No. 2721, Lee Circuit Court, was tried, and after the jury brought in its verdict for the plaintiff, the attorney for the defendant asked the court how many days would be allowed to file the bill of exceptions, and the court said 120, but made no record of it, as no motion for a new trial was filed during the term.''

The trial court had no authority to extend the time of filing the motion beyond the term, and did not in this instance attempt to do so. *Allen* v. *Francis,* 171 Ark. 1187, 287 S. W. 182. The contention of the appellee is correct, and, for the failure to file the motion for a new trial in apt time, this court cannot consider alleged errors in regard to the lack of sufficient evidence to support the judgment, and granting and refusing instructions cannot be considered.

There appearing no errors of law in the record, the judgment must therefore be affirmed. It is so ordered.